

# In the Missouri Court of Appeals
## Western District

JOE McCLAIN, )
        Appellant-Respondent, )
v. )
         )    **WD82058**
LANDMARK EQUITY GROUP, LLC, et )    **CONSOLIDATED WITH**
al; )    **WD82061**
        Respondent-Appellant; )
         )
FINANCE OF AMERICA REVERSE, )    FILED: October 1, 2019
LLC, COMPU-LINK CORPORATION, )
        Respondents, )
SOUTHLAW, P.C., )
        Respondent. )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE KENNETH R. GARRETT, III, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### THOMAS H. NEWTON AND MARK D. PFEIFFER, JUDGES

Joe McClain ("McClain") appeals from the circuit court's entry of partial summary judgment in favor of Finance of America Reverse, LLC, ("FOA") and Compu-Link Corporation of MI d/b/a Celink ("Celink") on declaratory judgment and wrongful foreclosure claims that McClain and his wife, Billa McClain (collectively, "the McClains"), filed. McClain contends the court erred in granting summary judgment on these claims because the adjustable rate note was not a negotiable instrument as a reverse mortgage and, therefore, FOA and Celink, who were not the original lenders, were not holders and could not enforce the note. In a cross-appeal, Landmark Equity Group,

LLC ("Landmark"), the company that purchased the McClains' property at the foreclosure sale and subsequently filed an unlawful detainer action, contends the court erred in denying its motion to join in FOA and Celink's motion for summary judgment and in denying its motion to lift a stay on its unlawful detainer action. Because the judgment is not final and this case is not eligible for interlocutory appeal under Rule 74.01(b), we dismiss the appeal and cross-appeal.

## FACTUAL AND PROCEDURAL HISTORY

On October 11, 2013, the McClains signed an adjustable rate home equity conversion deed of trust, note, and loan agreement with lender Proficio Mortgage Ventures, LLC ("Proficio"). At closing, the McClains executed a settlement statement acknowledging the distribution of loan proceeds for the reverse mortgage in the total amount of $143,290.00, which included a $95,580.19 advance to the McClains.

Shortly after the McClains executed the note, two allonges were affixed to the note. "An 'allonge' is a piece of paper annexed to a negotiable instrument or promissory note on which to write endorsements for which there is no room on the instrument itself." *Fed. Nat'l Mortg. Ass'n v. Conover*, 428 S.W.3d 661, 664 n.3 (Mo. App. 2014) (internal quotations and citations omitted). In the first allonge, Proficio endorsed the note to Urban Financial Group, Inc. ("Urban"). The second allonge was a blank endorsement by Urban. FOA previously operated as Urban.

Celink serviced the McClains' loan on behalf of FOA. The McClains' deed of trust was assigned to FOA on August 10, 2016.

On September 14, 2016, Celink, as attorney-in-fact for FOA, appointed SouthLaw, P.C., as the successor trustee under the deed of trust. On November 17,

2016, the McClains' property was sold at a trustee's sale to Landmark. Following the trustee's sale, SouthLaw distributed $21,795.22 in excess proceeds from the sale to the McClains. The McClains spent the foreclosure sale proceeds "[t]o pay debt."

In January 2017, Landmark filed an unlawful detainer action against the McClains alleging that, despite having received notice of the termination of their tenancy and a written demand for possession, the McClains continued to hold possession of the property. In February 2017, the McClains filed an eight-count petition against FOA, Celink, SouthLaw, and Landmark. Each count incorporated the facts and allegations contained in the other counts. In Count I, the McClains asserted a claim for declaratory judgment against FOA. They requested a judgment: (1) declaring that a reverse mortgage is a non-negotiable instrument, FOA was not a holder of the note, and FOA did not have the right to enforce the note or foreclose on it; (2) cancelling the successor's deed of trust as void *ab initio* because FOA lacked the right to foreclose; and (3) declaring the rights and legal obligations of the McClains and FOA regarding the original note.

In Counts II and III, the McClains asserted claims of wrongful foreclosure against FOA and Celink. In Count II, the McClains alleged that the foreclosure sale was void because SouthLaw's alleged principals, FOA and Celink, lacked the authority to instruct SouthLaw to conduct the foreclosure sale in that FOA and Celink did not own the note and had no right to enforce it. For this claim, the McClains requested that the court set aside the foreclosure sale and the successor trustee's deed executed and filed by SouthLaw. In Count III, the McClains alleged that the foreclosure sale was void because they were not in default on their note and, therefore, SouthLaw's alleged

3

principals, FOA and Celink, lacked the authority to instruct SouthLaw to conduct the foreclosure sale. For this claim, the McClains sought monetary damages in the form of compensatory and punitive damages.

In Count IV, the McClains asserted a quiet title action against Landmark. The McClains alleged that, because FOA and Celink lacked the right to foreclose on the property, they did not have the right to sell the property to Landmark. For this claim, the McClains sought a judgment defining the title, estate, and interest of the parties severally in and to such real property; a determination of all rights, claims, interest, liens, and demands of the parties concerning or affecting the property; and an award of all legal and equitable relief available to them.

In Count V, the McClains asserted a breach of contract claim against Celink. The McClains alleged that, in October 2016, Celink had offered them a repayment plan agreement and that they had accepted the repayment plan agreement and made the first payment pursuant to that agreement, but Celink failed to honor and perform that agreement by participating in the foreclosure sale in November 2016. For this claim, the McClains sought actual and nominal damages, pre-judgment interest, and specific performance of the repayment plan agreement.

In Count VI, the McClains asserted a negligent misrepresentation claim against SouthLaw. The McClains alleged that, when SouthLaw recorded its appointment of successor trustee in September 2016, it failed to exercise reasonable care because the information contained therein was false. Specifically, the McClains alleged that the false information in the appointment of successor trustee was the representation that FOA was the "owner and/or holder" of the note and that FOA and Celink were acting

4

under the authority of the deed of trust to appoint SouthLaw as successor trustee. The McClains further alleged that SouthLaw knew that they had accepted a repayment plan agreement but foreclosed on their home anyway. For this claim, the McClains sought actual and punitive damages, attorney's fees and costs, and pre- and post-judgment interest.

In Count VII, the McClains asserted violations of the Missouri Merchandising Practices Act ("MMPA") against FOA and Celink. The McClains alleged that FOA and Celink used deception, committed an unfair practice, and concealed, suppressed, and omitted material facts by claiming to be the holder of the note and, therefore, entitled to enforce the note when they were not the holder. For this claim, the McClains sought actual and punitive damages, attorney's fees and costs, and pre- and post-judgment interest.

In Count VIII, the McClains asserted violations of the MMPA against Celink. The McClains alleged that Celink's fees, its misallocation of payments, its failure to comply with investor guidelines, and its claiming to be a person with a right to enforce the note, when it had no right to enforce the note, were all deceptive and unfair practices. The McClains further alleged that Celink concealed, suppressed, and omitted material facts related to its absence of a legal right to enforce the note at the foreclosure sale. For this claim, the McClains sought actual and punitive damages, attorney's fees and costs, and pre- and post-judgment interest.

In May 2017, the court entered an order staying the proceedings in Landmark's unlawful detainer action. The McClains, SouthLaw, and FOA and Celink[1] filed motions

---

[1] FOA and Celink are represented by the same counsel and filed joint pleadings.

for summary judgment on the McClains' petition. Landmark later filed a pleading attempting to join in the summary judgment motions filed by SouthLaw and FOA and Celink, but the court struck Landmark's pleading as untimely filed.

On April 26, 2018, the circuit court entered its "Order/Judgment" granting FOA and Celink's motion for summary judgment on the McClains' declaratory judgment claim (Count I), and wrongful foreclosure claims (Counts II and III). The court denied FOA and Celink's motion for summary judgment on the breach of contract claim (Count V) and MMPA claims (Counts VII and VIII). The court denied SouthLaw's motion for summary judgment on the negligent misrepresentation claim (Count VI).

Two months later, on June 29, 2018, the circuit court entered its "Amended Order/Judgment." In the "Amended Order/Judgment," the court restated its rulings granting summary judgment in favor of FOA and Celink on Counts I, II, and III; denying FOA and Celink's motion for summary judgment on Counts V, VII, and VIII; and denying SouthLaw's motion for summary judgment on Count VI. Additionally, the court included a provision denying Landmark's motion to reconsider the court's striking its pleading to join in SouthLaw's and FOA and Celink's summary judgment motions; denying Landmark's motion to dismiss the McClains' quiet title claim in Count IV of the petition; and denying Landmark's motion to lift the stay order in the unlawful detainer action. The court included a provision stating: "[T]he Court will certify this matter as to the Summary Judgment issues granted (Count I, II, and III) for appeal under Mo. Sup. Ct. R. 74.01(b) as there is no just delay in appealing this Court's Judgment and that issue

6

should be appealed immediately under this rule." McClain appeals,[2] and Landmark cross-appeals.

APPEALABILITY OF JUDGMENT

Before we can reach the merits of the issues in the appeal and cross-appeal, we have a duty to determine, *sua sponte*, whether we have the authority to hear this appeal. *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Id.* (citation omitted). "A prerequisite to appellate review is that there be a final judgment." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (citation omitted); § 512.020(5), RSMo 2016. A final judgment "resolves 'all issues in a case, leaving nothing for future determination.'" *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221 (citation omitted).

Rule 74.01(b) "provides a limited exception to this finality requirement." *Id.* Where multiple claims are presented in an action, "Rule 74.01(b) authorizes a trial court to enter judgment on one or more – but fewer than all – of the claims in an action and make that judgment a 'final judgment' for purposes of section 512.020(5) by certifying that there is no just reason to delay the appeal of that judgment." *Id.* at 221-22. The circuit court's designation is not conclusive, however. *Gibson*, 952 S.W.2d at 244. Instead, "[i]t is the content, substance, and effect of the order that determines finality and appealability." *Id.* The court's "designation is effective only when the order disposes of a distinct 'judicial unit.'" *Id.*

The Supreme Court has explained what constitutes a distinct judicial unit:

---

[2] On April 27, 2018, the circuit granted counsel for Joe McClain leave to withdraw his appearance as counsel for Billa McClain. Billa McClain did not file a notice of appeal.

A distinct "judicial unit" is defined as the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim. Further, an order addressing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. *It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim*.

*First Nat'l Bank of Dieterich*, 515 S.W.3d at 222 (alteration in original) (quoting *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801-02 (Mo. banc 2012)) (internal quotations and citation omitted).

Applying these principles to this case, the eight counts set forth in the McClains' petition are merely different legal theories seeking to recover damages for the same underlying transaction – the foreclosure sale of the property. The wrongful foreclosure action claim against FOA and Celink (Count II), the quiet title action against Landmark (Count IV), the negligent misrepresentation claim against SouthLaw (Count VI), and the MMPA claims against FOA and Celink (Counts VII and VIII) can succeed only if the McClains are successful in establishing that FOA was not a holder of the note and did not have the right to enforce the note or foreclose on it. *See Ndegwa*, 371 S.W.3d at 802. The remaining wrongful foreclosure claim against FOA and Celink (Count III) and the breach of contract claim against Celink (Count V) both concern the propriety of the foreclosure. *See id.* Moreover, each of the counts expressly incorporates the facts and allegations of the other counts. *See Gibson*, 952 S.W.2d at 244.

8

The pending counts in this case "clearly arise from the same set of facts, and the same transactions and occurrences, as the counts supposedly appealed." *Id.*[3] Because the circuit court's grant of summary judgment on Counts I, II, and III "did not resolve a single, distinct judicial unit," the "Amended Order/Judgment" was neither a final nor appealable judgment. *First Nat'l Bank of Dieterich*, 515 S.W.3d at 223. Therefore, we have no authority to hear McClain's appeal. *Id.* For the same reason, we have no authority to hear Landmark's cross-appeal of claims which, in addition to not constituting a single, distinct judicial unit, were not certified by the circuit court for interlocutory appeal pursuant to Rule 74.01(b).

## CONCLUSION

McClain's appeal and Landmark's cross-appeal are dismissed.

_____
**LISA WHITE HARDWICK, JUDGE**

ALL CONCUR.

---

[3] In arguing that Landmark's cross-appeal is improper, McClain recognizes in his reply brief that the counts he is appealing are intertwined with the counts still pending. He states that "the central legal issue intersecting both the claims resolved by the trial court's April 26 Order/Judgment and thereafter amended on June 29, 2018, and the remaining claims to be tried, is whether or not McClain's Adjustable Rate Note (commonly known as a reverse mortgage note) is a negotiable instrument." He asserts that the purpose of his appeal is to resolve the "certified" "primary question of the negotiability of a reverse mortgage note, [which] will permit the parties and Court to proceed to trial with legal clarity regarding the central issue in the underlying case." While 28 U.S.C. § 1292(b) permits a federal district judge to certify, for interlocutory appeal, "a controlling question of law as to which there is substantial ground for difference of opinion" if the judge believes "that an immediate appeal from the order may materially advance the ultimate termination of the litigation," there is no comparable state statute or rule providing for an interlocutory appeal of a certified question from the circuit court.