

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| GREG HALDERMAN, | ) | |
| Respondent, | ) | |
| v. | ) | WD82668 |
| | ) | |
| CITY OF STURGEON, et al., | ) | FILED: January 21, 2020 |
| Appellants. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
### The Honorable Jeff Harris, Judge

### Before Division Three: Lisa White Hardwick, Presiding Judge,
### Alok Ahuja and Thomas N. Chapman, Judges

The City of Sturgeon, Mayor Gene Kelly, and Board of Aldermen members Tyler Patterson, Rhonda Dawson, Travis Sutton, and Danny Joiner, (collectively, "the City") appeal the circuit court's grant of partial summary judgment in favor of Greg Halderman on his petition for judicial review of an administrative decision, which he filed after he was removed as Chief of the Sturgeon Police Department. The City contends the court erred in holding that the removal proceeding was a contested case and that the City violated Halderman's right to due process under the Missouri Constitution when it removed him from office without holding a contested case hearing. The City further argues that, even if the court properly found that this was a contested case, the court erred in ordering Halderman to be reinstated with back pay because those were

improper remedies.  Because the judgment is not final and this case is not eligible for interlocutory appeal under Rule 74.01(b), we dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

Halderman was appointed Chief of the Sturgeon Police Department in October 2013.  On March 15, 2017, Mayor Kelly sent Halderman a notice of a meeting during which the Board of Aldermen was going to consider removing him as police chief.  The notice alleged that just cause existed for Halderman's removal because he was unable to perform his duties with reasonable competence or safety as a result of alcohol abuse; he committed acts that constituted a reckless disregard for the safety of the public or another law enforcement officer; and he was in violation of the written established employment policy.  The notice identified four specific events over a three-year period that the City alleged constituted just cause for Halderman's removal.  Enclosed within the notice of meeting were several documents related to the four specific instances of alleged misconduct.  The notice stated that the Board of Aldermen would consider his removal at a closed meeting on March 27, 2017, at which time Halderman would be afforded the opportunity to be heard, together with any witnesses, evidence, and counsel of his choosing.

During the Board of Aldermen's closed meeting on March 27, 2017, the City did not call any witnesses to testify.  Halderman, who was represented by counsel, testified and presented eleven witnesses.  The Board of Aldermen voted 3-1 to remove Halderman from office.  Halderman was given written notice of the grounds of his removal on April 4, 2017.

2

Halderman subsequently filed a petition against the City, Mayor Kelly, and the Board of Aldermen for judicial review of the decision, damages, and injunctive relief. In Count I, Halderman asked the court to review the removal decision as a contested case, and he asserted that the removal decision violated his due process rights, was unsupported by competent and substantial evidence, was made upon unlawful procedure, was arbitrary and unreasonable, and constituted an abuse of discretion. As an alternative to Count I, Halderman requested in Count II that the court review the removal decision as a non-contested case. In Count III, Halderman alleged that the removal decision violated his right to due process under the Missouri Constitution because the removal hearing was "devoid of the procedural protections guaranteed to him under" the Missouri Constitution. In Count IV, Halderman alleged that the City wrongfully discharged him in violation of public policy because his removal was retaliatory. In Count V, Halderman alleged Mayor Kelly and the Board of Aldermen wrongfully terminated him because his removal was retaliatory. In Count VI, Halderman alleged that Mayor Kelly and the Board of Aldermen tortiously interfered with his employment contract with the City by causing the City to breach the contract by removing him without just cause. Counts I, II, and IV were asserted against the City only; Count III against the City, Mayor Kelly, and the Board of Aldermen[1]; while Counts V and VI were asserted against only Mayor Kelly and the Board of Aldermen, but not the City.

In each individual count, Halderman alleged that he suffered damages, including lost wages and benefits, emotional distress, and injury to his reputation. For all claims,

---

[1] Mayor Kelly and the Board of Aldermen were sued in both their personal and official capacities.

3

he requested the relief of: (1) an order reversing the removal decision or, alternatively, a *de novo* hearing of the Board of Aldermen's decision as a non-contested case; (2) his reinstatement as chief of police and the removal of all documents related to his removal proceeding from his personnel file; (3) back pay and lost benefits; (4) compensatory damages for his injuries, including lost wages and benefits, emotional distress, and injury to his reputation; (5) punitive damages; and (6) costs and attorneys' fees.

Halderman moved for partial summary judgment on Counts I and III. After briefing and argument, the court granted the motion on February 15, 2019, concluding that the removal of a chief municipal law enforcement officer under Section 106.273, RSMo 2016,[2] is a contested case under the Missouri Administrative Procedure Act ("the Act"); that Halderman's removal hearing did not comply with the required procedures for contested cases; and that the City's failure to comply with the requirements of a contested case proceeding deprived Halderman of due process. The court ordered Halderman to be reinstated with back pay. The court advised that parties that, if the City decided to remove Halderman following his reinstatement by the court, the City had to comply with and conduct removal proceedings in accordance with Section 106.273 and Section 536.010, et seq.

Halderman's counsel informed the City on February 17, 2019, that Halderman would be returning to work on February 19, 2019. On February 18, 2019, the City informed Halderman that he was being placed on administrative leave without pay pending a formal hearing on his position as chief of police. The City filed a motion to stay, amend, or clarify the circuit court's February 15, 2019 partial summary judgment to

---

[2] All statutory references are to the Revised Statutes of Missouri 2016.

address when Halderman was to be reinstated. In response, Halderman filed a motion for an order to show cause as to why the City should not be held in contempt for violating the court's order to reinstate Halderman with back pay. The court did not rule on the motion for an order to show cause and allowed the parties to come to an agreement regarding the logistics and details surrounding Halderman's reinstatement. The court issued a judgment on March 11, 2019, to reiterate that its partial summary judgment on Counts I and III was a distinct judicial unit that should be considered final for purposes of appeal and that no just reason existed for delaying an appeal. The City filed this appeal.[3]

## APPEALABILITY OF JUDGMENT

Before we can reach the merits of the issues in the appeal, we have a duty to determine, *sua sponte*, whether we have the authority to hear this appeal. *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n,* 515 S.W.3d 219, 221 (Mo. banc 2017). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Id*. (citation omitted). "A prerequisite to appellate review is that there be a final judgment." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (citation omitted); § 512.020(5). A final judgment "resolves 'all issues in a case, leaving nothing for future determination.'" *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221 (citation omitted).

Rule 74.01(b) "provides a limited exception to this finality requirement." *Id*. Where multiple claims are presented in an action, "Rule 74.01(b) authorizes a trial court

---

[3] While this appeal was pending, the City held another removal hearing on April 30, 2019, during which it afforded Halderman all of the procedures required for contested cases under the Act. Again, the Board of Aldermen voted 3-1 to remove Halderman from office. Halderman did not seek judicial review of that decision.

to enter judgment on one or more – but fewer than all – of the claims in an action and make that judgment a 'final judgment' for purposes of section 512.020(5) by certifying that there is no just reason to delay the appeal of that judgment." *Id*. at 221-22. The circuit court's designation is not conclusive, however. *Gibson*, 952 S.W.2d at 244. Instead, "[i]t is the content, substance, and effect of the order that determines finality and appealability." *Id*. The court's "designation is effective only when the order disposes of a distinct 'judicial unit.'" *Id*.

The Supreme Court has explained what constitutes a distinct judicial unit:

> A distinct "judicial unit" is defined as the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim. Further, an order addressing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. ***It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim***.

*First Nat'l Bank of Dieterich*, 515 S.W.3d at 222 (internal quotations and citation omitted).

Applying these principles to this case, the six counts set forth in Halderman's petition are merely different legal theories seeking to recover the same relief (reversal of the removal decision, reinstatement, back pay and lost benefits, compensatory damages, punitive damages, and costs and attorneys' fees) for the same underlying wrong – his removal as chief of police. The only distinction between the six counts is that the appealed counts challenge the removal decision on procedural grounds, while

6

the pending counts challenge the removal decision on substantive grounds.[4] All of the counts, however, are concerned with the single fact situation of Halderman's removal. Moreover, the circuit court's disposition of Counts I through III did not have the effect of fully resolving all claims against any of the defendants; Count IV remained pending against the City, while claims remained pending against Mayor Kelly and the Board of Aldermen in Counts V and VI.

The pending counts in this case "clearly arise from the same set of facts, and the same transactions and occurrences, as the counts supposedly appealed." *See Gibson*, 952 S.W.2d at 244. Because the circuit court's grant of partial summary judgment "did not resolve a single, distinct judicial unit," the partial summary judgment was neither a final nor appealable judgment. *First Nat'l Bank of Dieterich*, 515 S.W.3d at 223. Therefore, we have no authority to hear Halderman's appeal. *Id*.

## CONCLUSION

The appeal is dismissed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[4] We recognize that Count I challenges the removal decision on both procedural and substantive grounds. The court relied on only the procedural grounds to grant summary judgment in favor of Halderman on this count.

7