

# Missouri Court of Appeals

## Southern District

### Division One

TERRY R. HAINES and ZELMA M. HAINES, )
Trustees of the Terry R. Haines and Zelma )
M. Haines Revocable Trust, et al., )
            )
           Plaintiffs, )
            )
CONNIE BURCH, )
JEFFREY FINNELL, and )
KATHRYN L. FINNELL, )
            )
           Appellants, )
            ) No. SD36836
    vs. )
            ) **Filed: September 7, 2021**
BRANSON CABIN RENTALS, LLC, et al., )
            )
           Respondents. )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Laura Johnson, Judge

## AFFIRMED

Appellants[1] own condominium units subject to the Declaration of the Cabins at

Grand Mountain Condominium ("Declaration"). The Declaration provides, "No Owner

---

[1] The appeal of Terry R. Haines and Zelma M. Haines, Trustees of the Terry R. Haines and Zelma M. Haines Revocable Trust, was voluntarily dismissed in accordance with Rule 84.09. Rule references are to Missouri Court Rules 2020.

. . . may rent his [unit] for a period of less than thirty (30) days except that [units] may be rented as a part of a nightly/weekly/monthly rental program managed by . . . [Respondents]." The Declaration also provides that Branson Cabin Rentals, LLC, and Thousand Hills Management Company, Inc. (collectively "Respondents"), have the exclusive right to operate and regulate short-term rental of condominium units. We will refer to these provisions collectively as the "Management Program."

Appellants began to rent their units on a nightly or weekly basis through a management company other than Respondents. The condominium owner's association assessed a daily fine of $50 against Appellants when they used a management company other than Respondents for short-term rentals.

Appellants sued Respondents for a declaration that the Management Program is void and unenforceable. They also sought to enjoin the condominium owner's association from fining them for self-managing nightly rentals of their units. After considering cross-motions for summary judgment, the circuit court entered summary judgment in favor of Respondents, finding that the Management Program is a valid use restriction and not a development right. The judgment was certified for immediate appeal pursuant to Rule 74.01(b).

**Appellate Authority**

Before addressing the merits of this appeal, we must determine whether we have jurisdiction. *Wilson v. City of St. Louis*, 600 S.W.3d 763, 765 (Mo. banc 2020). "'The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists.'" *Id.* at 767 (quoting *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017)). This appeal falls

under the general appeal statute, § 512.020(5),[2] which provides that final judgments are appealable.

The judgment in this case is not final in the sense that it resolves all claims by and against all parties, leaving nothing for future determination. *Wilson*, 600 S.W.3d at 768. It is deemed to be final, however, because it has been certified for immediate appeal pursuant to Rule 74.01(b) and it disposes of a judicial unit. *Id.* at 769-71. The judgment here satisfies both of the Supreme Court's definitions of a "judicial unit" in that it disposes of all pending claims between Appellants, Branson Cabin Rentals, LLC, and Thousand Hills Management Company, Inc., and Appellants' remaining claim for injunctive relief against The Cabins at Grand Mountain Owner's Association, Inc.,[3] is sufficiently distinct from the dismissed declaratory judgment claim. *See id.* at 771-72.

We find that the circuit court did not abuse its discretion in certifying its judgment under Rule 74.01(b) and that we have jurisdiction to hear this appeal. *E.M. by and through McInnis v. Gateway Region Young Men's Christian Ass'n*, 613 S.W.3d 388, 395 (Mo.App. 2020).

### Legal Principles

We review a grant of summary judgment *de novo*. *Behrick v. Konert Farms Homeowners' Ass'n*, 601 S.W.3d 567, 572 (Mo.App. 2020). Interpretation of the language of the Declaration also is reviewed under the *de novo* standard. *Mullin v. Silvercreek Condo. Owner's Ass'n, Inc.*, 195 S.W.3d 484, 489 (Mo.App. 2006).

"In determining the meaning of [declaration] provisions, we consider the document as a whole and give the words their natural and ordinary meaning." *Willows*

---

[2] Statutory references are to RSMo. 2016.

[3] We express no opinion as to the pending claim.

*Condo. Owners Ass'n, Inc. v. Kraus*, 467 S.W.3d 312, 314 (Mo.App. 2015). "We will find ambiguity in these provisions only if the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in the construction of the terms." *Id.*

We construe condominium declarations strictly. *Clampit v. Cambridge Phase II Corp.*, 884 S.W.2d 340, 345 (Mo.App. 1994). "The rule of strict construction means that we cannot give the declaration . . . a broader application than is warranted by its plain and unambiguous terms, and we cannot presume anything that is not expressed by the declaration." *Taticek v. Homefield Gardens Condo. Ass'n*, 502 S.W.3d 645, 648 (Mo.App. 2016) (internal quotation marks omitted). This provides condominium buyers with confidence that what they see is what they get, and that a court acting under its equity powers will not act in contravention of the Declaration. *Clampit*, 884 S.W.2d at 345.

"Condominium ownership is a creature of statute." *Id.* The Uniform Condominium Act, § 448.1-101 *et seq.* ("UCA"), applies to all condominiums created in Missouri after September 28, 1983. Section 448.1-102. As relevant to this appeal, the UCA contains the following definitions:

- "Development rights" means any right, or combination of rights, reserved by a declarant in the declaration to add real estate to a condominium; to create units, common elements, or limited common elements within a condominium; to subdivide units or convert units into common elements; or to withdraw real estate from a condominium[.] Section 448.1-103 (11).

- "Special declarant rights" means rights reserved for the benefit of a declarant to complete improvements indicated on plats and plans filed with the declaration; to exercise any development right; to maintain sales offices, management offices, signs advertising the condominium, and models; to use easements through the common elements for the purpose of making improvements within the condominium or within real estate which may be added to the condominium; to make the condominium part of a larger condominium or a planned community; to make the condominium subject to a master association; or to appoint or remove any officer of the

4

association or any master association, or any executive board member during any period of declarant control[.] Section 448.1-103 (27).

A condominium declaration must include, "A description of any development rights and other special declarant rights reserved by the declarant, together with a legally sufficient description of the real estate to which each of those rights applies, and a time limit within which each of those rights shall be exercised[.]" Section 448.2-105.1(8).

## Discussion

Appellants claim the Management Program is invalid and unenforceable because it is a development right without the statutorily-required time limit provided in the Declaration.

The Declaration defines "[d]evelopment [r]ights" as

> [A]ll "development rights" and "special declarant rights" (as those terms are defined in the [UCA]) and other rights reserved by the Declarant in Article X and throughout this Declaration, to add real estate to the Condominium; to create additional Condominium Units, Common Elements, or Limited fractional or "timeshare" (as defined in the [UCA]) interests in the form of Vacation Weeks; to convert Condominium Units into Common Elements; to add or remove real estate from the Future Development Property or to withdraw real estate from the Condominium.

Appellants acknowledge the Management Program does not qualify as a "development right" or "special declarant right" as defined by the UCA. Instead, Appellants argue the Management Program is a "development right" under the "other rights reserved by the Declarant in Article X and throughout this Declaration" provision. We disagree.

Not every right reserved in the Declaration is a development right. Appellants' expansive reading of the definition would render any reservation of rights in the entire Declaration a development right. Appellants' interpretation is inconsistent with the Declaration as a whole and with the concept of development rights in the UCA. The broad "other rights" portion of the definition is limited by the immediately following, expressly

5

stated circumstances: addition of real estate, creation of additional units, etc. These circumstances are consistent with the concept of development rights as defined in the UCA.

Because the Management Program is in the nature of a use restriction and not a "development right" as defined by the UCA or the Declaration, the Management Program does not need to conform to the UCA's time requirements for development rights. Point denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS