

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **TRACY SYKORA, et al.,** | ) | |
| | ) | |
| **Respondents,** | ) | |
| **v.** | ) | **WD84445** |
| | ) | |
| | ) | **OPINION FILED:** |
| **FARMERS INSURANCE COMPANY,** | ) | **March 29, 2022** |
| **INC.,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Kenneth R. Garrett, III, Judge**

**Before Division One:** Mark D. Pfeiffer, Presiding Judge, and
Karen King Mitchell and Gary D. Witt, Judges

Farmers Insurance Company, Inc., appeals from the grant of summary judgment in favor of Tracy Sykora, et al., on the petition for equitable garnishment. Farmers raises four points on appeal: (1) error in denying Farmers's motion for summary judgment; (2) error in granting Sykora's motion for summary judgment because Sykora was not entitled to judgment as a matter of law in that Farmers had no duty to defend; (3) error in granting Sykora's motion for summary judgment because there was a genuine issue of material fact; and (4) error in granting Sykora's motion for summary judgment because Sykora was not entitled to judgment as a matter of law in

that a policy exclusion applied. But, because the judgment below is not final, we dismiss this appeal for lack of appellate jurisdiction.

## Background

On April 21, 2014, Joseph Surratt drove his vehicle while intoxicated and struck George Sykora's vehicle, causing George's death.[1] Joseph later pled guilty to first-degree involuntary manslaughter and was sentenced to ten years' imprisonment. George's wife Tracy Sykora and their two children sued Joseph for wrongful death and obtained a judgment awarding $22,500,000 in damages. The wrongful death action initially named Chad and Kristy Surratt (Joseph's parents) as defendants as well under the theory of negligent entrustment with respect to Joseph. The petition alleged that, though he was over 18 years old at the time, Joseph was living with Chad and Kristy and was unable to make decisions for himself as a result of drug usage, and Chad and Kristy were aware of and enabled Joseph's drug usage.

At the time of George's death, Chad and Kristy had an automobile insurance policy with Farmers. The policy identified Chad and Kristy as the "named insured[s]," with an address of 4408 SW Admiral Byrd Dr., Lee's Summit, Missouri. The policy did not identify Joseph by name as a "household driver," but it did provide:

> We will pay **damages** for which any **insured person** is legally liable because of **bodily injury** to any person and **property damage** arising out of the ownership, maintenance or use of a **private passenger car**, a **utility car**, or a **utility trailer**.
>
> We will defend any claim or suit asking for these **damages**. We may settle when we consider it appropriate. We will not defend any suit or make additional payments after we have paid the limit of liability for the coverage.
>
> . . .
>
> **Insured person** as used in this part means:

---

[1] Because a number of persons involved in this litigation share the same last names, we will call certain individuals by their first name. No disrespect or undue familiarity is intended.

1. You or any **family member**.

The policy defines "family member" as follows: "**Family member** means a person related to you by blood, marriage or adoption who is a resident of your household."

In conjunction with the wrongful death suit, Sykora issued a demand letter to Farmers to pay out the limit of its policy. Farmers rejected Sykora's demand, asserting that Joseph was not covered by Chad and Kristy's policy because Joseph was not a resident of 4408 SW Admiral Byrd Dr. at the time of the accident.

After obtaining the $22,500,000 wrongful death judgment against Joseph, Sykora filed an equitable garnishment action against Farmers, arguing that Joseph was covered by Chad and Kristy's policy at the time of George's death and that Farmers had a duty to both defend and indemnify Joseph. Sykora argued that, because the underlying wrongful death judgment included a finding of fact that Joseph was a resident of 4408 SW Admiral Byrd Dr. at the time of the accident, Farmers was estopped from contesting or otherwise challenging the underlying judgment. Both parties moved for summary judgment, arguing about the legal issue of Farmers's ability to contest Joseph's residency. The court below denied Farmers's motion for summary judgment and granted Sykora's motion, specifically determining that Farmers had a duty to defend Joseph in the wrongful death claim and, by failing to do so, it could not subsequently challenge the residency determination made in the wrongful death judgment. The court below did not, however, make any determination as to the damages necessitated by its finding of Farmers's liability. Farmers appeals.

**Analysis**

"As in every case, before addressing the merits of the appellant's claim, we first must determine . . . our jurisdiction." *Stotts v. Progressive Classic Ins. Co.*, 118 S.W.3d 655, 660 (Mo.

3

App. W.D. 2003). "[T]he 'right to appeal is purely statutory[.]'" *Butala v. Curators of Univ. of Mo.*, 620 S.W.3d 89, 93 (Mo. banc 2021) (quoting *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017)). Section 512.020(5)[2] provides a right of appeal to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause . . . from any . . . [f]inal judgment in the case[.]" "[A] final judgment is defined as one that resolves 'all issues in a case, leaving nothing for future determination.'" *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221 (quoting *Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Emps.*, 43 S.W.3d 293, 298 (Mo. banc 2001)). "As a result, any judgment that resolves only part of a claim, or that resolves some of the claims pending in a lawsuit but leaves others unresolved, generally is not a 'final judgment' for purposes of section 512.020(5)." *Id.* And, because "[a] final judgment is a prerequisite to appellate review[, i]f the circuit court's judgment was not a final judgment, the appeal must be dismissed." *Loerch v. City of Union*, 601 S.W.3d 549, 552 (Mo. App. E.D. 2020).

The appeal in this case is from the trial court's grant of Sykora's motion for summary judgment and simultaneous denial of Farmers's motion for summary judgment. Though the grant of summary judgment typically "constitutes a final judgment on the merits of a cause of action," *Wooldridge v. Greene Cnty.*, 198 S.W.3d 676, 678 n.2 (Mo. App. S.D. 2006), "[p]artial summary judgment for the plaintiff on the issue of liability alone is interlocutory in character . . . and is not a final judgment subject to appellate review." *Stotts*, 118 S.W.3d at 660. The judgment in this case granting Sykora's summary judgment motion does so on the ground that Farmers had a duty to defend Joseph in Sykora's wrongful death suit and, therefore, had a duty to indemnify in

---

[2] All statutory references are to the Revised Statutes of Missouri (Cum. Supp. 2012).

Sykora's underlying equitable garnishment suit. Thus, it determined liability; it did not, however, indicate the monetary amount for which Farmers was liable.

Sykora's petition pled damages in the amount of $22,500,000 and requested post-judgment interest, court costs, and all other relief the court deemed reasonable. The limit of liability on Farmers's policy was $500,000. Though the court below granted a motion by Farmers to dismiss the petition's request for damages in an amount that exceeded the policy limit, it has yet to order Farmers to pay *any* money as a result of its liability determination.

A very similar situation arose in *Stotts*, where the trial court entered partial summary judgment in favor of the plaintiffs on liability but attempted to make the judgment final for purposes of appeal with a contingency that, if the plaintiffs prevailed on appeal, then the defendant insurer would also be liable for damages in the amount of its policy limit plus post-judgment interest. *Id*. This court held that the purported judgment was not final because it determined liability only and failed to identify the amount of damages. *Id*. at 660-61.

Here, just as in *Stotts*, we have a judgment finding liability on the part of the insurer but no determination as to the amount of damages. Therefore, the judgment is not final for purposes of appeal, and we must dismiss.

## Conclusion

Because there is no final judgment, we lack appellate jurisdiction, and the appeal is dismissed.

Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and Gary D. Witt, Judge, concur.

5