

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

RFJ AUTO PROPERTIES, LLC, )
)
    Respondent, )
)
    v. )    WD87304
)
KNIPP REAL ESTATE, LLC, KNIPP )    Opinion filed:  April 29, 2025
REAL ESTATE II, LLC, )
)
    Respondents, )
)
FLETCHER AUTOMOTIVE NO. 28, LLC, )
)
    Appellant, )
)
CORWIN IMPORTS OF JEFFERSON )
CITY, III, TIMOTHY F. CORWIN, )
)
    Respondents. )

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**THE HONORABLE COTTON WALKER, JUDGE**

Before Special Division:  Cynthia L. Martin, Presiding Judge,
W. Douglas Thomson, Judge and Joseph M. Ellis, Special Judge

Fletcher Automotive No. 28, LLC ("Fletcher") appeals from the trial court's

judgment in which the trial court granted summary judgment in favor of RFJ Auto

Properties, LLC ("RFJ Auto"). Because we lack jurisdiction we must dismiss Fletcher's appeal.

**Factual and Procedural History**

This appeal arises from a lawsuit concerning a commercial lease to a motor-vehicle dealership. In July 2011, two trusts[1] ("Landlord") co-owned land upon which a motor vehicle dealership (the "Property") sat. On July 26, 2011, Landlord and Fletcher, as tenant, executed a commercial lease to the Property (the "Commercial Lease"). The Commercial Lease provided for a term ending August 31, 2021, as well as a rent schedule with a duration of ten years ending on the same date. After executing the Commercial Lease, Landlord and Fletcher executed two amendments to the Commercial Lease (the "First Amendment" and the "Second Amendment"). The First Amendment was executed August 31, 2011, and explained that the purpose of the amendment was for Landlord and Fletcher to "clarify their intent with regard to [Fletcher]'s right to terminate the Commercial Lease in the event Landlord is unable to give [Fletcher] possession of the leased

---

[1] At the time the Commercial Lease was executed, the property was owned by two trusts: the Ollie Mae Knipp Restated Trust under Trust Agreement dated January 1, 1999, and the Anna Marie Knipp Revocable Living Trust under Trust Agreement dated January 1, 1999 (the "Knipp Trusts"). In 2016, the Knipp Trusts assigned all right, title, and interest in the Property to Knipp Real Estate, LLC. In 2017, Knipp Real Estate, LLC, assigned a portion of its right, title, and interest in the Property to Knipp Real Estate II, LLC (Knipp Real Estate, LLC and Knipp Real Estate II, LLC will be collectively referred to as the "Knipp LLCs"). The parties do not object to this change in Property ownership and the substitution of the Knipp LLCs for the Knipp Trusts in the underlying litigation. The parties do not raise any issues regarding the transfer of Property interests from the Knipp Trusts to the Knipp LLCs. Thus, all references to the Landlord interchangeably refer to the Knipp Trusts and the Knipp LLCs.

premises by September 1, 2011[.]" This stemmed from holdover tenant issues which Landlord had yet to resolve. On May 9, 2012, Landlord and Fletcher executed the Second Amendment, which added "Recitals of Fact" to and amended the "Rent" section of the Commercial Lease for the same holdover tenant reasons. Though the First and Second Amendments did not address the term of the lease, like the initial Commercial Lease the Second Amendment provided for a ten-year duration in the rent schedule, such that it was to end on January 31, 2023.

Landlord was able to deliver possession of the Property earlier than expected. To memorialize the early delivery, Fletcher created and signed a third amendment to the Commercial Lease ("Third Amendment"). The Third Amendment was not executed by Landlord. The Third Amendment purported to amend the "Term" section of the Commercial Lease to an end date of December 31, 2022 as well as to amend the rent schedule's duration to end on that same date.

On February 5, 2014, Fletcher executed a sublease with Corwin Imports of Jefferson City III LLC ("Corwin Imports") (the "Corwin Sublease"). The Corwin Sublease was accompanied by a guaranty, providing that Timothy Corwin, individually, would "guaranty the full and prompt payment and performance of the foregoing [Corwin] Sublease and [Commercial] Lease." The Commercial Lease, the First Amendment, the Second Amendment, and the Third Amendment were attached to the Corwin Sublease as "Collective Exhibit No. 1." Concurrently, on February 5, 2014, Fletcher, Corwin Imports, Corwin, and Landlord also executed "Subtenant's Assumption of Fletcher's Obligations under [Commercial] Lease, and

3

Landlord's Consent to [Corwin's] Sublease" ("Corwin Assumption") in which all parties acknowledged the rights and obligations of the others. Included in the Corwin Assumption was Fletcher's acknowledged obligation to ensure Landlord was paid by Corwin Imports, as well as Corwin and Corwin Imports' agreement to indemnify and hold harmless Fletcher should this event arise.

On March 23, 2015, Corwin Imports, assigned its interest in the Property to RFJ Auto ("RFJ Assignment"). Fletcher was also a party to the RFJ Assignment wherein Corwin Imports granted, transferred, assigned, conveyed, set over, and delivered "all of [its] right, title and interest as [sub]tenant in, to and under the [Corwin] Sublease to [RFJ Auto]." The Commercial Lease, the First Amendment, the Second Amendment, the Third Amendment, the Corwin Sublease, and the Corwin Assumption were attached to the RFJ Assignment. Concurrently, on March 23, 2015, Fletcher, Corwin Imports, and RFJ Auto, along with Landlord, executed a "Consent of Landlord, Assumption & Confirmation of Obligations" ("RFJ Assumption"), and again, all parties acknowledged the rights and obligations of the others.[2] Here, as well, Fletcher obligated itself to ensure Landlord was paid rent by RFJ Auto.

---

[2] Another entity ("the LLC") was also a party to the RFJ Assumption and the RFJ Assignment. The RFJ Assumption contemplated a separate sublease from RFJ Auto to the LLC during the pendency of RFJ Auto's tenancy. RFJ Auto's sublease to the LLC is not addressed in the parties' arguments in the summary judgment record nor before this court. Further, no party requested to add the LLC as a party to the underlying litigation, and the LLC is not a party to this appeal. Therefore, all references to the LLC in the summary judgment record are immaterial to our analysis and conclusion.

Thus, the documents associated with this controversy include the Commercial Lease, the First Amendment, the Second Amendment, the Third Amendment, the Corwin Sublease, the Corwin Assumption, the RFJ Assignment, and the RFJ Assumption. Moving forward, we will refer to them collectively as the "Collective Lease Documents."

RFJ Auto made its rent payments pursuant to the Collective Lease Documents through August 31, 2021. After ceasing payments on this date, the dispute between the parties as to the terms of the various tenancies began. The dispute arose among all parties as a result of the series of continuing obligations and responsibilities. First, lessee Fletcher agreed to pay rent to Landlord. Then, pursuant to the Corwin Sublease, Corwin Imports agreed to pay rent to Landlord, and as sublessor, Fletcher agreed to guarantee sublessee Corwin Imports' obligations to Landlord. Finally, pursuant to the RFJ Assignment, RFJ Auto agreed to pay rent, and as assignor, Corwin Imports obligated itself for assignee RFJ Auto's obligations. In short, as long as RFJ Auto paid rent to the Landlord, this elongated set of transactions worked well. When RFJ Auto ceased paying rent at the end of August 2021 at a point when Landlord believed rent should be paid until January 31, 2023, each party responsible for the rent obligations of those parties following it in the chain of transactions allegedly became liable for the unpaid rent, as well as associated responsibilities.

On June 6, 2022, RFJ Auto filed its amended petition for declaratory judgment against Landlord, Fletcher, and Corwin Imports, asking the trial court to

5

"declare the rights of the parties with respect" to the Collective Lease Documents, namely whether the lease ended on August 31, 2021, or on January 31, 2023.[3] Landlord responded to RFJ Auto's petition, asserting the following counter-, cross-, and third-party claims against the parties:

- Count I: Counterclaim against RFJ Auto for Breach of Contract – Unpaid Rent, Utilities, Insurance, Property Taxes, and Unperformed Repairs and Maintenance, and Other Damages

- Count II: Counterclaim against RFJ Auto for Breach of Contract – Holding Over

- Count III: Counterclaim against RFJ Auto, Cross-Claim against Fletcher and Corwin Imports, and Third-Party Claim against Corwin, for Declaratory Judgment

- Count IV: Cross-Claim against Fletcher for Breach of Contract

- Count V: Cross-Claim against Corwin Imports and Third-Party Claim against Corwin for Breach of Contract

Count I alleged that RFJ Auto was obligated to pay Landlord monthly rent, maintain the Property, and pay utilities, insurance, and real property taxes until the Collective Lease Documents expired on December 31, 2022, and that RFJ Auto's failure to do those things was a breach of one or more of the Collective Lease Documents that caused Landlord damage. Count II alleged that RFJ Auto breached its agreement with Landlord by maintaining possession of the Property after its tenancy expired, in the event the trial court found, as a matter of law, that the tenancies at issue, as described in the Collective Lease Documents, expired on

---

[3] We acknowledge the declaratory judgment also sought to determine whether the lease ended on December 31, 2022 pursuant to the Third Amendment. For our purposes, simply addressing an argued end date of January 31, 2023 will suffice.

August 31, 2021. Count III asked the trial court to determine RFJ Auto's, Corwin Imports', Corwin's, and Fletcher's obligations to Landlord under the Collective Lease Documents. Count IV asserted that Fletcher was obligated to pay Landlord monthly rent, maintain the Property, and pay utilities, insurance, and real property taxes until the Collective Lease Documents expired on December 31, 2022, and that Fletcher's failure to do those things was a breach of one or more of the Collective Lease Documents that caused Landlord damage. Count V alleged that Corwin Imports and Corwin were obligated to pay Landlord monthly rent, maintain the Property, and pay utilities, insurance, and real property taxes until the Collective Lease Documents expired on December 31, 2022, and that Corwin Imports' and Corwin's failure to do those things was a breach of one or more of the Collective Lease Documents that caused Landlord damage.

Fletcher responded to RFJ Auto's petition and asserted as counter-, cross-, and third-party claims, the following:

Against RFJ Auto
- Count I: Counterclaim for Breach of Contract – Unpaid Rent

- Count II: Counterclaim for Breach of Contract – Failure to Maintain Premises

- Count III: Counterclaim for Anticipatory Repudiation

Against Corwin Imports
- Count I: Cross-Claim for Breach of Contract – Unpaid Rent

- Count II: Cross-Claim for Breach of Contract – Failure to Maintain Premises

- Count III: Cross-Claim for Anticipatory Repudiation

7

<u>Against Corwin</u>
- Count I: Third-Party Claim for Breach of Guaranty Agreement

Count I against RFJ Auto alleged that the RFJ Auto "failed to meet its obligations" to timely pay rent, in breach of contractual obligations to Fletcher and causing damage thereto. Count II alleged that RFJ Auto, as the then current party in possession of the Property, failed to maintain the Property in a satisfactory manner, in breach of contractual obligations to Fletcher under the Collective Lease Documents and in a manner which caused Fletcher damage. Count III against RFJ Auto alleged that in taking "a position that its obligations under the [Collective Lease Documents] expired as of August 31, 2021," RFJ Auto "anticipatorily breached" one or more of the Collective Lease Documents, causing damage to Fletcher.

Fletcher's Count I against Corwin Imports was nearly identical to that asserted against RFJ Auto in that it alleged that Corwin Imports "failed to meet its obligations" to timely pay rent, in breach of contractual obligations to Fletcher and causing damage thereto. Count II was also similar to Count II against RFJ Auto, alleging that Corwin Imports remained obligated to maintain the Property under the Collective Lease Documents, and its failure to do so was a breach of contractual obligations to Fletcher and causing damage thereto. Count III followed suit, alleging that Corwin Imports, had "not indicated any intention to perform any further obligations or duties that may arise for the remainder of the term of the [Commercial] Lease, as amended[,]" such that Corwin Imports "anticipatorily

8

breached" one or more of the Collective Lease Documents, causing damage to Fletcher. Fletcher's claim against Corwin for breach of the guaranty agreement alleged that Corwin was obligated to pay and perform for Corwin Imports, that Fletcher demanded that Corwin fulfill his obligations under the guaranty agreement, and that Corwin's failure to do so was a breach of the guaranty agreement, causing damage to Fletcher.

Corwin Imports responded to RFJ Auto's petition and asserted counterclaims against RFJ Auto, as follows:

- Count I: Breach of Contract
- Count II: Indemnification
- Count III: Contribution
- Count IV: Declaratory Judgment

Count I alleged that RFJ Auto breached one or more of its obligations to Corwin Imports found in one or more of the Collective Lease Documents by "failing to pay rent when due and by repudiating its obligation to make such payments[,]" and by "failing to maintain, repair, and upkeep" the Property, such that Corwin Imports was damaged. Count II alleged that RFJ Auto was obligated, under the RFJ Assignment, to "indemnify, defend, and hold Corwin [Imports] harmless from and against all damages[.]" Count II continued that in the event that Corwin Imports should be found liable to any other party in the pending action, Corwin Imports is entitled "to indemnification in full from RFJ [Auto.]" Count III alleged that should it be found liable to any other party, then Corwin Imports "has an equitable or

9

statutory right of contribution against RFJ [Auto] prior to the entry of any judgment for such amounts." Count IV asked the trial court to determine the rights of the parties with respect to the Collective Lease Documents to "terminate the uncertainty or controversy underlying the claims in this action."

In addition, Corwin Imports and Corwin also jointly responded to Landlord's cross- and third-party claims, and Fletcher's cross- and third-party claims, again declining to assert claims in response against Fletcher, but initiated no further claims. RFJ Auto also responded to the counterclaims asserted against it by Landlord, by Fletcher, and by Corwin Imports.

Relevant to this appeal, on March 21, 2023, Fletcher filed a motion for summary judgment against RFJ Auto, Corwin Imports, and Corwin. Subsequently, Landlord filed a motion for summary judgment against RFJ Auto, Fletcher, Corwin Imports, and Corwin, as to the liabilities of the parties under the Commercial Lease. RFJ Auto also filed a motion for summary judgment. Fletcher, RFJ Auto, and Landlord responded to the motions filed by the other parties, and although they did not file their own motion, Corwin Imports and Corwin jointly responded to RFJ Auto's, Fletcher's, and Landlord's motions for summary judgment.

The trial court considered the "briefing, record, and arguments of counsel," and entered its "Order and Declaratory Judgment" on June 20, 2024 (the "trial court's judgment"). The trial court's judgment declared, as a matter of law, that the Commercial Lease "ended on August 31, 2021. Any and all responsibilities and

obligations under the [Commercial] Lease therefore terminated at that time." The trial court judgment found that "[j]udgment is therefore entered in favor of Petitioner RFJ Auto . . . on its Amended Petition for Declaratory Judgment." The trial court's judgment also granted RFJ Auto's motion and denied Fletcher's and Landlord's motions. The trial court's judgment continued, "Although neither Corwin Imports nor . . . Corwin filed a Motion for Summary Judgment as to Corwin Imports' Counterclaim against RFJ Auto, such Counterclaim is mooted without prejudice to reinstatement given the Court's finding that the subject lease ended on August 31, 2021 as to Corwin Imports and RFJ Auto."

The trial court's judgment concluded with the following additional "Orders and Judgments:"

1.      Judgment is entered in favor of [RFJ Auto] on Counts I, II and III of [Fletcher's] Counterclaims.

2.      Judgment is entered in favor of [Corwin Imports] on Counts I, II and III of [Fletcher's] Crossclaims.

3.      Judgment is entered in favor of [Corwin] on Counts I, II and III of [Fletcher's] Third-Party claims.

4.      Judgment is entered in favor of [RFJ Auto] on Counts I and III of [Landlord's] Counterclaims.

5.      Judgment is entered in favor of [Corwin Imports] and [Corwin] on Counts III and V of [Landlord's] Counterclaims, Crossclaims and Third-Party Petition.

6.      Although neither Corwin Imports nor [Corwin] filed a Motion for Summary Judgment as to Corwin Imports' Counterclaim against RFJ Auto, such Counterclaim is mooted without prejudice to reinstatement given the Court's finding that the subject lease ended on August 31, 2021 as to Corwin Imports and RFJ Auto.

11

Finally, the trial court's judgment found that, "Pursuant to Rule 74.01(b), the parties have requested and the Court finds there is no just reason to delay the finality of this Order and Declaratory Judgment because this Order and Declaratory Judgment disposes of a distinct judicial unit. This Order and Declaratory Judgment is final for purposes of appeal." This appeal follows.

## Jurisdiction

"[T]his Court must determine its jurisdiction *sua sponte.*" *Patterson as Next Friend for C.P. v. Roach*, 686 S.W.3d 271, 273 (Mo. App. W.D. 2024) (citing *Mo. Bond Co. LLC v. Devore*, 580 S.W.3d 653, 656 (Mo. App. E.D. 2019)). "'A prerequisite to appellate review is that there be a final judgment.'" *Halderman v. City of Sturgeon*, 592 S.W.3d 824, 828 (Mo. App. W.D. 2020) (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). "If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter it is not a final, appealable judgment[.]" *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 469 (Mo. banc 2011).

Rule 74.01(b)[4] "provides a limited exception to this [Court's jurisdictional] finality requirement." *First Nat'l Bank of Dieterich v. Pointe Royale Property Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). Rule 74.01(b) states:

(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is

---

[4] All rule references are to *Missouri Court Rules, Volume I – State, 2022* unless otherwise indicated.

12

no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In cases involving multiple claims or multiple parties, "Rule 74.01(b) authorizes a trial court to enter judgment on one or more – but fewer than all – of the claims in an action and make that judgment a 'final judgment' for purposes [of appeal] by certifying that there is no just reason to delay the appeal of that judgment." *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221-22.

"The circuit court's designation is not conclusive, however." *Sykora v. Farmers Ins. Co., Inc.*, 702 S.W.3d 94, 100 (Mo. App. W.D. 2024) (quoting *Halderman*, 592 S.W.3d at 828). Whether a judgment is eligible for certification under Rule 74.01(b) "is a question of law on which the circuit court has no discretion[.]" *Sykora*, 702 S.W.3d at 100 (quoting *Kelly v. Boone Cnty.*, 646 S.W.3d 739, 742 (Mo. App. W.D. 2022)). For a circuit court's Rule 74.01(b) certification to be effective, its order must "dispose of a 'distinct' judicial unit." *Sykora*, 702 S.W.3d at 100 (quoting *Gibson*, 952 S.W.2d at 244).

The Missouri Supreme Court has defined "judicial unit" in two ways. First, a "judicial unit" is "a judgment that disposes of all claims by or against one or more – but fewer than all – of the parties." *Sykora*, 702 S.W.3d at 100 (quoting *Wilson v. City of St. Louis*, 600 S.W.3d. 763, 769 (Mo. banc 2020)). Second, a "judicial unit" is a "judgment that resolves one or more claims that are *distinct* from those

13

claims that remain to be resolved." *Sykora*, 702 S.W.3d at 100 (quoting *Wilson*, 600 S.W.3d at 769). Accordingly, we must determine whether the trial court's Rule 74.01(b) certification is effective for disposing of a distinct "judicial unit" by either disposing of all claims against one party or by disposing of a claim that is distinct from the remaining claims.

Here, a review of what claims were and were not resolved by the trial court's judgment is helpful to initially determine whether that judgment was eligible for certification under Rule 74.01(b). RFJ Auto asserted claims for declaratory judgment against Fletcher, Corwin Imports, and Landlord, which were addressed in the trial court's judgment and resolved in RFJ Auto's favor. Fletcher asserted three claims against RFJ Auto, three claims against Corwin Imports, and one claim against Corwin, all of which were resolved by the trial court against Fletcher. Landlord asserted three claims against RFJ Auto, one of which was jointly asserted against Corwin Imports, Corwin, and Fletcher. Landlord also asserted an additional distinct claim against Fletcher and a separate additional distinct claim against Corwin and Corwin Imports. The trial court's judgment resolved Counts I and III of Landlord's counterclaims against RFJ Auto, leaving unresolved Count II of Landlord's counterclaims against RFJ Auto. The judgment resolved Counts III and V of Landlord's claims against Corwin and Corwin Imports. However, the judgment left unresolved Landlord's claims against Fletcher (Counts III and IV). Finally, the trial court's judgment declared all four counts of Corwin Imports'

14

counterclaim against RFJ Auto to be moot due to its finding that the Collective Lease Documents expired on August 31, 2021.[5]

In short, the trial court's judgment left three unresolved claims: (1) Count II of Landlord's counterclaim against RFJ Auto for breach of contract – Holding Over; (2) Count III of Landlord's cross-claim against Fletcher asking the court to determine when Fletcher's obligations to Landlord expired; and (3) Count IV of Landlord's cross-claim against Fletcher for breach of contract in failing to cure the defects of RFJ Auto and/or Corwin Imports pursuant to the Collective Lease Documents. These claims, however, are not distinct from those claims decided by the trial court, but rather they are intertwined with such decided claims. As aptly noted by the trial court in its judgment, "the issue to be decided by the Court is

---

[5] Although the trial court declared all of the counts (Counts I-IV) in Corwin Imports' counterclaim against RFJ Auto to be "moot" by virtue of the finding that the lease ended August 31, 2021, the trial court also indicated that these claims could be reinstated.

We question whether the judgment truly *resolved* all claims by Corwin Imports, specifically the four counts in Corwin Imports' counterclaim. Our concern stems from the judgment's following language: "Although neither Corwin Imports nor [Corwin] filed a Motion for Summary Judgment as to Corwin Imports' Counterclaim against RFJ Auto, such Counterclaim *is mooted without prejudice to reinstatement* given the Court's finding that the subject lease ended on August 31, 2021 as to Corwin Imports and RFJ Auto." (emphasis added). It is unclear what the trial court meant by this emphasized language. What we can glean from such language is that, according to the trial court judgment, these claims may be resurrected should a decision from our court disagree with the trial court's finding as to the Collective Lease Documents' end date. In other words, it appears Corwin Imports' counterclaim is being held in abeyance awaiting our decision. This not only begs the question of whether this counterclaim is actually resolved, but it is also highly indicative that any decision on our part would be an impermissible advisory opinion. Moreover, it signals that the counterclaim is inextricably intertwined with resolved claims, as it centers on the end date of the subject lease. Regardless, even assuming Corwin Imports' counterclaim was resolved by the judgment, thereby rendering all of the claims by or against such party resolved, we will address whether the trial court should have certified this matter, *infra*. This holds true for guarantor Corwin, as well.

effectively a single question: when did the property lease at issue end?" Indeed, *every* issue in which every party is involved turns upon the trial court's determination of this lone question, including the aforementioned unresolved claims. Accordingly, the trial court's judgment is not a "judgment that resolves one or more claims that are *distinct* from those claims that remain to be resolved." *Sykora*, 702 S.W.3d at 100 (quoting *Wilson*, 600 S.W.3d at 769).

Likewise, the trial court's judgment is not simply "a judgment that disposes of all claims by or against one or more – but fewer than all – of the parties." *Sykora*, 702 S.W.3d at 100 (quoting *Wilson*, 600 S.W.3d at 769). At best, the parties which form the distinct judicial unit in this regard are Corwin Imports and Corwin.[6] Yet these parties do not comprise the judicial unit from which the appeal is taken. Here, appellant *Fletcher* claims error by the trial court in granting summary judgment to *RFJ Auto* and denying Fletcher's own summary judgment motion. And, the trial court's judgment stated neither Corwin Imports nor Corwin had even filed a summary judgment motion. Further, the trial court judgment addresses many issues affecting multiple parties who still have unresolved claims before the court. Any portion of the judgment which affects Corwin Imports and Corwin is simply contained within the judgment addressing this host of issues and the many parties. Accordingly, Corwin Imports and Corwin do not form a distinct judicial unit from which this appeal may be taken.

---

[6] *But see* note 5.

16

For these reasons, we find that the trial court's judgment is not a "final judgment." Accordingly, this Court lacks jurisdiction and we must dismiss the appeal.

## Conclusion

The appeal is dismissed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.