WILLIAM W. FRANCIS, JR., P.J.
Barton Mutual Insurance Company ("Barton") appeals from the trial court's grant of summary judgment in favor of LexisNexis Risk Solutions, Inc. ("LexisNexis"). Barton filed an appeal, and LexisNexis then filed a motion to dismiss that appeal for lack of jurisdiction. That motion is well taken, and Barton's appeal is dismissed.
Facts and Procedural History
Barton is a mutual insurance company. In 2009, Barton and LexisNexis (through its predecessor in interest, ChoicePoint Services, Inc.) entered into an "Insurance Services Products and Services Agreement" (the "Agreement"). As part of the Agreement, LexisNexis was to provide notification services to mortgagees, using its FIRSt Service Loss Payee Notifications ("FIRSt Service") reporting system, whenever an action was taken on a Barton insurance policy. Notification was to occur "at least ten days before the date cancellation or nonrenewal [took] effect."
In 2010, Barton issued an insurance policy (the "Policy") for a home owned by Sarah Feldbaumer ("Feldbaumer") in Mountain View, Missouri. The Bank of Birch Tree ("the Bank") held a mortgage on Feldbaumer's home, and was the named mortgagee in the Policy.
Feldbaumer failed to make payments on the Policy premium, and on September 22, 2011, Barton canceled the Policy. On or about September 25, 2011, Barton notified LexisNexis of the cancellation.
On September 26, 2011, LexisNexis, via its FIRSt Service system, mailed a cancellation notice to the Bank.
On October 13, 2011, Feldbaumer's home was destroyed by fire. On October 12, 2012, the Bank filed suit against Barton for breach of contract, alleging Barton *441 breached the Policy by failing to pay the loss resulting from the destruction of Feldbaumer's home.[1] The Bank further alleged that Barton failed to timely notify the Bank of the Policy cancellation and, therefore, the Policy was still in effect at the time of the loss.
On August 25, 2016, Barton filed a two-count "Third-Party Petition for Contribution/Indemnity," adding LexisNexis as a third-party defendant. Barton asserted that on September 25, 2011, it notified LexisNexis of its cancellation of the Policy, but LexisNexis failed to notify the Bank.
On October 11, 2016, Barton filed a "Motion to Sever Claims and Parties for Trial," arguing that its third-party action for indemnification and contribution against LexisNexis should be severed from the Bank's action against Barton. The motion suggested that until the Bank successfully prosecuted its claim against Barton, LexisNexis would not incur liability. LexisNexis joined in Barton's motion. The trial court denied the motion on November 9, 2016.
On April 17, 2017, Barton filed its "First Amended Third-Party Petition" against LexisNexis, wherein Barton sought contractual indemnity (Count I) or contribution (Count II) from LexisNexis if judgment were rendered in the Bank's favor as against Barton.
On August 17, 2017, the Bank filed its "Motion to Sever Third-Party Claim of Defendant Barton Mutual Insurance Against Third-Party Defendant LexisNexis for Trial." On November 28, 2017, the trial court granted the motion, finding:
After hearing on plaintiff's motion to sever the claims of Barton Mutual Insurance Company as set forth in its First Amended Third-Party petition against LexisNexis Risk Solutions, Inc., the court finds, that in the interest of justice and after weighing all issues, that the motion should be granted. Said claims are ordered served [sic] for trial purposes only.
The trial court did not sever the third-party action as a separate lawsuit.
LexisNexis and Barton filed cross-motions for summary judgment. On December 29, 2017, the trial court entered summary judgment in favor of LexisNexis and against Barton as to Barton's third-party claims. The remaining claims between the parties in the case were not addressed in the trial court's summary judgment order. Barton then appealed the trial court's summary judgment order.
On April 24, 2018, LexisNexis filed a "Motion to Dismiss [Barton's] Appeal for Lack of Jurisdiction." In that motion, LexisNexis argues that this Court lacks authority to hear this appeal, for the reasons that: (1) there is no final judgment; and (2) the trial court did not properly certify this matter for appeal pursuant to Rule 74.01(b).[2] We agree.
This Court is obliged to determine whether it has authority to hear an appeal. Gibson v. Brewer , 952 S.W.2d 239, 244 (Mo. banc 1997). "A prerequisite to appellate review is that there be a final *442 judgment." Id. (internal quotations and citation omitted); see § 512.020.[3] "An appealable judgment resolves all issues in a case, leaving nothing for future determination." Id.
There is a limited exception to this requirement, as discussed by our Supreme Court in First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc. , 515 S.W.3d 219 (Mo. banc 2017) :
Rule 74.01(b) ... provides a limited exception to this finality requirement. If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, Rule 74.01(b) authorizes a trial court to enter judgment on one or more-but fewer than all-of the claims in an action and make that judgment a final judgment for purposes of section 512.020(5) by certifying that there is no just reason to delay the appeal of that judgment.
This Court has no authority to grant a right of appeal beyond that given by statute, however, and the exception provided for in Rule 74.01(b) is carefully circumscribed to implement-but not extend-section 512.020(5). To that end, the effect of Rule 74.01(b) is to permit severance of any unrelated substantive claim for relief of the parties and to allow appeal of a final judgment on those severed claims. To ensure against unintended and unauthorized expansions of this rule, this Court repeatedly has held that a partial judgment cannot be certified as final for purposes of appellate review unless it disposes of at least one distinct judicial unit.
A distinct 'judicial unit' is defined as the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim. Further, an order addressing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim .
Dieterich , 515 S.W.3d at 221-22 (internal quotations and citations omitted) (emphasis in original).
The trial court's summary judgment order, from which Barton appeals, is not a final judgment. The record reflects that the order left pending, unresolved claims in the underlying case. The trial court's order did not resolve "all issues in [the] case, leaving nothing for future determination." Id. at 222. Further, the trial court's November 28, 2017 order severing Barton's claims against LexisNexis "for trial purposes only" is insufficient as explained in Distefano v. Quigley , 230 S.W.3d 647, 648-49 (Mo. App. S.D. 2007) (indicating that while Rule 66.02 allows third-party claims to be tried separately, such claims "remain part of a single legal action with a single judgment to be entered thereon[,]" as distinguished from Rule 52.06 severance, wherein "severance creates totally separate claims to be pursued in independent actions and resulting in completely separate judgments"), and as discussed in Dieterich .
*443 LexisNexis' motion to dismiss is granted. Barton's appeal is dismissed.
JEFFREY W. BATES, J. - CONCURS
DANIEL E. SCOTT, J. - CONCURS

In the same lawsuit, the Bank also brought a cause of action against American Modern Home Insurance Company ("American Modern"), which issued a policy of insurance to the Bank "as a result of endorsements to [Barton's] insurance policy for Automatic Coverage and/or Second Mortgage Endorsement. Barton's brief suggests the claim against American Modern was severed, directing us to the trial court's docket sheet. While we note American Modern's motion to sever in the docket sheet, there is no indication in the record that this motion was ever ruled on.

All references are to Missouri Court Rules (2018).

All references to section 512.020 are to RSMo Cum.Supp. 2004. All other references to statutes are to RSMo 2000, unless otherwise indicated.