

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| SYLVIA NORMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | WD84634 |
| | ) | |
| | ) | OPINION FILED: |
| PROGRESSIVE PREFERRED | ) | June 7, 2022 |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Cass County, Missouri**
**The Honorable William B. Collins, Judge**

**Before Division Two:** Karen King Mitchell, Presiding Judge, and
Edward R. Ardini, Jr., and Thomas N. Chapman, Judges

Sylvia Norman appeals from the trial court's judgment, entered following a remand from this court, in her equitable garnishment action against Progressive Preferred Insurance Company. The underlying judgment awarded Norman prejudgment interest on a wrongful death judgment she obtained against Progressive's insured, Amber Ralston, with the amount of prejudgment interest calculated based on the limit of liability identified in Progressive's policy ($100,000.00). Because Norman believes the trial court misapplied this court's mandate in limiting the amount of prejudgment interest based on the policy's limit of liability, she brings this appeal. But because there is no final judgment, we lack appellate jurisdiction and dismiss.

**Background**

This matter arose from a vehicle accident wherein Ralston caused the death of Norman's husband Robert. *Norman v. Progressive Preferred Ins. Co.*, 619 S.W.3d 126, 128 (Mo. App. W.D. 2021). At the time, Ralston was insured by Progressive. *Id.* Norman obtained a wrongful death judgment against Ralston for approximately six million dollars in actual damages and one million dollars in aggravated circumstances damages. *Id.* The judgment also awarded prejudgment interest, post-judgment interest, and statutory court costs. *Id.* "Following the entry of judgment, Progressive tendered the bodily injury limits of liability of $100,000.00 together with $3,118.95 for statutory costs and $8,600.00 for post-judgment interest." *Id.* Norman filed a partial satisfaction of judgment and an equitable garnishment action against Progressive, claiming it had not paid all interest and costs required under Ralston's policy. *Id.* In accordance with § 379.200,[1] the equitable garnishment action named both Ralston and Progressive as defendants.

Progressive sought summary judgment, and Ralston filed a cross-claim against Progressive, alleging bad faith. The trial court subsequently granted Progressive's motion to sever Ralston's bad faith claim from Norman's equitable garnishment claim "for purposes of discovery and trial." The trial court then granted summary judgment in favor of Progressive, certified the judgment as immediately appealable under Rule 74.01(b),[2] and Norman appealed. *Id.* at 130.

On appeal, Norman argued that Progressive was required to pay prejudgment interest, that it failed to pay all court costs, and that, as a result of the failure to pay prejudgment interest and all court costs, Progressive's liability for post-judgment interest continued to accrue. *Id.* at 130-31. We rejected Norman's claims regarding court costs and continuing post-judgment interest, but we agreed that Progressive owed prejudgment interest "on that part of the judgment that does not

---

[1] All statutory citations are to the Revised Statutes of Missouri (Cum. Supp. 2021).
[2] All rule references are to the Missouri Supreme Court Rules (2021).

2

exceed" the relevant policy limits. *Id*. at 132-34, 136. We reversed the trial court's grant of summary judgment and remanded the case "for further proceedings consistent with th[e] opinion." *Id*. at 136.

On remand, Progressive filed a motion seeking entry of a judgment in accordance with our opinion. Specifically, Progressive stated, "Based on the analysis of the Court of Appeals, the obligation on Progressive that remains is to pay prejudgment interest on that portion of the judgment awarded against Ralston that does not exceed $100,000.00." Norman filed a response arguing that Progressive was required to pay *all* prejudgment interest awarded in the underlying wrongful death suit, which amounted to $556,470.72. The trial court entered a judgment, awarding prejudgment interest to Norman in the amount of $10,151.84, which represented a 3.91% interest rate on $100,000.00 for a total of 947 days.[3] Norman filed this appeal.

After receiving the record on appeal, this court sent a letter to both parties, seeking suggestions regarding our jurisdiction over the appeal. Specifically, we advised the parties as follows:

> A review of the record on appeal in the above-referenced case indicates the judgment may not be final and appealable. It appears that all parties and claims to the action may not have been disposed. If so, there is not a final and appealable judgment pursuant to Rule 74.01(b). *Zeller v. Scafe*, 455 S.W.3d 503 (Mo. App. 2015). Specifically, it appears that the claims involving Amber Ralston may remain pending before the circuit court. The November 18, 2019, Amended Judgment of the circuit court that was previously appealed had an express determination that there is "no just reason for delay" as required by Rule 74.01(b). The present judgment contains no such determination. The Court recognizes that Amber Ralston's cross-claim was severed from the proceeding but, it is not clear that the severance is sufficient pursuant to Rule 74.01(b). *See Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller*, 877 S.W.2d 702, 703 (Mo. App. 1994). Further, it is unclear whether Sylvia Norman still has a claim pending against Amber Ralston.

---

[3] Unlike the court's previous judgment granting summary judgment in favor of Progressive, the trial court did not certify the underlying judgment in this matter as immediately appealable under Rule 74.01(b).

Norman responded with suggestions arguing that we lack appellate jurisdiction and should dismiss her appeal for all the reasons identified in our letter.[4] Progressive, on the other hand, argued that, despite the facts that Ralston remains a party with outstanding claims and that the underlying judgment lacks certification for immediate appeal under Rule 74.01(b), we still have jurisdiction and should decide this appeal on the merits because our opinion that remanded the matter was based on a judgment certified under Rule 74.01(b) and the judgment underlying this appeal is simply a response to our mandate in that appeal. Because the parties disagreed, we chose to let the appeal proceed and asked the parties to include arguments about the jurisdictional question in their briefs. Upon receiving all briefs and reviewing the arguments and case law, we now hold that we lack appellate jurisdiction and must dismiss.

**Analysis**

"Article V, section 5 of the Missouri Constitution provides that th[e Missouri Supreme] Court may issue procedural rules but that those rules 'shall not change . . . the right of appeal.'" *Butala v. Curators of Univ. of Mo.*, 620 S.W.3d 89, 93 (Mo. banc 2021) (quoting Mo. Const. art. V, § 5). "As a result, the 'right to appeal is purely statutory[.]'" *Id.* (quoting *First Nat'l Bank of Dieterich v. Pointe Royal Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017)). Section 512.020(5) states, in relevant part:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any . . . [f]inal judgment in the case or from any special order after final judgment in the cause[.]

---

[4] Norman explained that, though she was arguing for dismissal, she had filed the appeal out of an abundance of caution to ensure she did not lose her opportunity to challenge the court's judgment with respect to the calculation of prejudgment interest. "[A]n appellant is not, however, compelled to appeal an interlocutory judgment." *Quick v. Anderson*, 503 S.W.3d 242, 248 (Mo. App. W.D. 2016). "[A] failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." § 512.020(5).

4

§ 512.020(5). Thus, "[t]o be eligible for appeal under section 512.020(5), . . . the circuit court's ruling or order must be a final judgment." *Butala*, 620 S.W.3d at 93.

Typically, "a 'final judgment' under section 512.020(5) [is one that] resolves every claim (or, at least, the last unresolved claim) in a lawsuit." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 768 (Mo. banc 2020). "But that is not the only type of judgment that qualifies as a 'final judgment' under section 512.020(5)." *Id*. Under Rule 74.01(b),

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

Rule 74.01(b). However,

> **In the absence of such determination,** any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id*. (emphasis added). This means that, in the absence of the required certification, a judgment "leaving one or more claims unresolved is not a 'final judgment' for purposes of section 512.020(5) and, because it is interlocutory only, can be revised or withdrawn at any time prior to the entry of a judgment resolving the last of the claims in the lawsuit." *Wilson*, 600 S.W.3d at 768.

The matter before us involves two of three parties to the original equitable garnishment action. The judgment we are to review addresses only Progressive's liability for prejudgment interest in the equitable garnishment suit; it does not mention or address Ralston as a defendant to the equitable garnishment action or her cross-claim against Progressive.[5] Thus, we are dealing

---

[5] It is irrelevant that Ralston's bad faith claim was severed, because the severance was "for purposes of discovery and trial" only; it was not severed as a separate lawsuit. *See Bank of Birch Tree v. Am. Modern Home Ins.*

with a case where "more than one claim for relief is presented" and "multiple parties are involved." Rule 74.01(b). Because the judgment below did not resolve all claims, it is not a final judgment in the traditional sense. *Wilson*, 600 S.W.3d at 768. We could potentially still review it if the judgment addressed a distinct judicial unit *and* contained a certification from the trial court that "there is no just reason for delay." *Id*. at 769-70. But the judgment does not contain a certification from the trial court.[6] Thus, we have no jurisdiction to review Norman's claim, and we must dismiss the appeal. *See Waldenville v. Waldenville*, 632 S.W.3d 866, 868 (Mo. App. W.D. 2021) ("A final judgment is a prerequisite for appellate review, and if the judgment appealed is not final, we lack jurisdiction and must dismiss the appeal." (quoting *Boomerang Transp., Inc. v. Miracle Recreation Equip. Co.*, 360 S.W.3d 314, 316 (Mo. App. S.D. 2012)).

## Conclusion

Because the judgment being appealed is not a final judgment, we lack appellate jurisdiction and dismiss the appeal.

_____
Karen King Mitchell, Presiding Judge

Edward R. Ardini, Jr., and Thomas N. Chapman, Judges, concur.

---

*Co.*, 561 S.W.3d 439, 442 (Mo. App. S.D. 2018) (holding that a judgment was not final, despite severance of a third-party claim "for trial purposes only," because it still "left pending, unresolved claims in the underlying case").

[6] Progressive argues that, under the doctrine of law of the case, we have essentially already determined that we have appellate jurisdiction by reviewing the prior decision granting summary judgment. We disagree. Had we *affirmed* the judgment in the prior appeal, Progressive's argument as to finality might have merit. *See Inv'rs Title Co. v. Chicago Title Ins. Co.*, 18 S.W.3d 70, 74 (Mo. App. E.D. 2000) (holding that "[t]his court's affirmance of the amended judgment in the first appeal conclusively establishes pursuant to the doctrine of the law of the case that such judgment is final for purposes of appeal under [Rule] 74.01(a)"). But we *reversed* the judgment in the prior appeal. And, even if we had affirmed, law of the case would seem to apply only as to the determination of a "distinct judicial unit." We have found *no authority whatsoever* suggesting that law of the case can be applied in lieu of the certification requirement of Rule 74.01(b).

6